UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO.  H-4:17-cr-00651-6 |
| § | |
| WILLIAM LOPEZ, § | |
| § | |
| Defendant. § | |
| _____ § | |

### THE UNITED STATES OF AMERICA'S ("UNITED STATES") RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW PLEA OF GUILTY

On December 3, 2024, a superseding indictment was filed against Defendant charging him with one count of conspiracy to engage in sex trafficking by means of force, threats, fraud and coercion (18 U.S.C. §§ 1594(c)/1591(a)-(c)), four counts of sex trafficking by means of force, threats, fraud, and coercion (18 U.S.C. § 1591(a)-(c)), one count of conspiracy to conduct transportation to engage in prostitution (18 U.S.C. §§ 371/2421(a)), five counts of transportation to engage in prostitution (18 U.S.C. § 2421(a)), one count of conspiracy to entice and coerce another to travel in interstate or foreign commerce for prostitution (18 U.S.C. §§ 371/2422(a), four counts of enticing and coercing another to travel in interstate or foreign commerce for prostitution (18 U.S.C. § 2422(a), one count of conspiracy to bring in, transport, move, conceal, harbor, and shield from detection illegal aliens (8 U.S.C. § 1324(a)(1)(A)(ii), (A)(iii), (A)(v)(I), (B)(i), and (B)(iii)), one count of transporting, moving, concealing, harboring, shielding from detection, and conspiring to transport, move, conceal, harbor and shield from detection illegal aliens (8 U.S.C. § 1324(a)(1)(A)(ii), (A)(iii), (A)(v), (B)(i)), one count of conspiracy

1

to import aliens for immoral purposes (18 U.S.C. § 371/8 U.S.C. § 1328), five counts of importation of aliens for immoral purposes (8 U.S.C. § 1328), and one count of attempted sex trafficking of a minor (18 U.S.C. §§ 1591(a) and 1594(a)). *See* Doc. 862. In total, Defendant faced 25 separate criminal counts.

On January 10, 2025, pursuant to a plea agreement, Defendant pled guilty before United States Magistrate Judge Peter Bray to just one count of conspiracy to engage in sex trafficking by means of force, threats, fraud and coercion (18 U.S.C. §§ 1594(c)/1591(a)-(c)), and one count of sex trafficking by means of force, threats, fraud, and coercion (18 U.S.C. § 1591(a)-(c)). *See* Doc. 887. In exchange, the plea agreement obligated the United States to:

(a)   move to dismiss the remaining 23 counts of the indictment at the time of sentencing;

(b)   move under U.S.S.G. § 3E1.1(b) for an additional one-level reduction of the offense level if the Court determined that Defendant qualified for an adjustment under U.S.S.G. § 3E1.1(a);

(c)   in the event Defendant is convicted of an offense pursuant to 21 U.S.C. §§ 841 and/or 846 regarding any such offenses in the Harris County Jail or Joe Corley Detention Facility occurring from 2021 through January, 2025, recommend any such sentence run concurrently to any sentence imposed in the instant case;

(d)   be unopposed to a sentencing range of no greater than 360 months to life imprisonment, to recommend a sentence of no greater than 720 months of imprisonment, and that this plea agreement does not foreclose Defendant's ability to file a motion for a downward departure under U.S.S.G. § 4A1.3 or a downward variance; and

(e)   file a motion for a downward departure at the time of sentencing ***if*** it determined that the defendant provided the United States with substantial assistance.

2

*Id.*

On the same day, Judge Bray issued a Report and Recommendation to accept the plea agreement and adjudge Defendant guilty of the two counts to which he pled guilty. *See* Doc. 888. The Court accepted the plea on October 2, 2025. *See* Doc. 1170.

However, on October 1, 2025, one day prior to the Court accepting the plea, Defendant filed a motion to withdraw his plea. *See* Doc. 1165. Importantly, Defendant specifically "requested an opportunity to directly address the Honorable Court to articulate the basis of his request to withdraw his plea of guilty." *Id.* Defendant also specifically requested that the Court "allow him to be heard." *Id.*

Pursuant to *United States v. De Leon*, 915 F.3d 386, 389 (5th Cir. 2019), *United States v. Arami*, 536 F.3d 479, 483-85 (5th Cir. 2008), *United States v. Cessa*, 626 Fed. Appx. 464 (5th Cir. 2015), and *United States v. Berglund*, 576 F. Supp. 3d 428 (N.D. Tex. 2021). Defendant's motion would be pursuant to Fed. R. Crim. P. Fed. R. Crim. P. 11(d)(1) as it was filed one day before the Court accepted the plea. That Rule states that a Defendant can withdraw a guilty plea for any reason or no reason.

Importantly, however, in this case, prior to ruling on the motion, the Court should hold a hearing on the motion to ensure that: the decision to proceed with the motion is knowing, intelligent and voluntary; Defendant is aware of the ramifications of so doing, which includes the United States being discharged from its promises contained in the plea agreement; and that the decision is being made with the assistance of counsel. Indeed, it is noteworthy that Defendant, in his motion, specifically requested that he be heard on the

matter and be allowed to directly address the Court on the motion. Those requests by Defendant should be granted and honored before the Court adjudicates the motion.

Additionally, if the motion is granted, the hearing should include a scheduling order that contains dates for the filing of any additional charges (including those outlined in subsection (c) above), expert designations, motions, exhibit and witness lists, proposed voir dire and jury instructions, a pretrial conference, and trial.

Lastly, upon conferring with Defendant's counsel, it is hereby requested that the hearing proposed herein occur during the week of October 14-17, 2025.

Date: October 7, 2025　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　NICHOLAS J. GANJEI
　　　　　　　　　　　　　　　　　　United States Attorney, Southern District of Texas

　　　　　　　　　　　　　　　　　　By:　*s/ Adam Laurence Goldman*
　　　　　　　　　　　　　　　　　　Adam Laurence Goldman
　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　Attorney-in-Charge
　　　　　　　　　　　　　　　　　　S.D. Tex. ID No.: 1034195
　　　　　　　　　　　　　　　　　　State Bar Nos.: NY3038023/DC476521
　　　　　　　　　　　　　　　　　　1000 Louisiana Street, 24th Floor
　　　　　　　　　　　　　　　　　　Houston, Texas 77002
　　　　　　　　　　　　　　　　　　Tel.:713-567-9534; FAX:713-718-3303
　　　　　　　　　　　　　　　　　　E-mail: Adam.Goldman2@usdoj.gov
　　　　　　　　　　　　　　　　　　*Counsel for the United States of America*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 7th day of October, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, to which opposing counsel listed below is a member and provided a copy via email:

Sean Buckley  
175 Main Street, Suite A  
Biloxi, MS 39530  
Tel.: 228-933-4411  
Email: sean@seanbuckleylaw.com

                                           *s/ Adam Laurence Goldman*  
                                           Adam Laurence Goldman, Asst. U.S. Atty.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO.  H-4:17-cr-00651-6 |
| WILLIAM LOPEZ, | § § § | |
| Defendant. | § § | |
| _____ | § | |

## ORDER

IT IS HEREBY ORDERED that a hearing on Defendant's pending Motion to Withdraw Plea of Guilty be held of the _____ day of October, 2025 at _____:_____ a.m./p.m.

Signed at Houston, Texas, on this _____ day of _____, 2025.

_____
THE HONORABLE CHARLES R. ESKRIDGE, III
UNITED STATES DISTRICT JUDGE